UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA, ) ) ) | |
| Plaintiff, ) ) ) | No. 3:14-CV-531-TAV-CCS |
| v. ) ) | |
| ENVIORNMENTAL, SAFETY & HEALTH, Inc., ) WILLIAM GARIBAY, GO FISH, LLC, and ) FIRST TENNESSEE BANK, ) ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Chief District Judge's Order [Doc. 83] of referral.

Now before the Court is a Joint Motion to Continue Trial and to Stay Claims Pending Between Selective Insurance Company of America and First Tennessee Bank National Association [Doc. 82], filed by Selective Insurance Company of America ("Selective") and First Tennessee Bank ("First Tennessee") on February 25, 2016.

By way of background, the Court held a telephone status conference on February 24, 2016, in response to a joint status report [Doc. 79] filed by Selective and First Tennessee on February 2, 2016. During the telephone conference, counsel for Environmental, Safety and Health, Inc. ("ES&H"), William Garibay, and Go Fish, confirmed that ES&H and Mr. Garibay had filed for voluntary Chapter 7 bankruptcy on January 15, 2016. The parties agreed that the bankruptcy proceedings created an automatic stay in this case as to all claims asserted by and against ES&H and Mr. Garibay. Counsel for Go Fish explained that while Go Fish had not filed for bankruptcy, the entity's sole member is Mr. Garibay and the single asset of Go Fish is used

by ES&H, thereby placing Go Fish "in the trustee's hands" at this time. Counsel for Selective and First Tennessee took the position that the pending motions before the Court, including Selective's Motion to Show Cause and for Contempt and Brief in Support against Defendants Environmental, Safety & Health, Inc., William Garibay, and Go Fish LLC [Doc. 44] and First Tennessee Bank's Motion for Judgment on the Pleadings and/or Motion to Dismiss ESH Defendants' Counterclaim to First Tennessee Bank's Crossclaim [Doc. 74], may be ruled upon as to Go Fish. Counsel for Selective and First Tennessee also informed the Court that they would be filing a joint motion to continue the May 2, 2016 trial and to stay all claims pending between Selective and First Tennessee for 60 days so that they could continue settlement negotiations, which the parties were cautiously optimistic would result in the resolution of the claims between Selective and First Tennessee. Following the telephone conference, ES&H and Mr. Garibay filed a formal Notice of Suggestion of Bankruptcy [Doc. 80] with the Court.

In the current motion to continue the trial date and to stay the claims between Selective and First Tennessee, the motion requests that the trial be continued for approximately 180 days and that a stay be entered for 60 days. The motion states that Selective and First Tennessee have been and remain engaged in substantive settlement negotiations which could eliminate the need for trial as to the claims between those two parties. The motion also states that Selective and First Tennessee intend to seek stay relief in the bankruptcy proceedings in an effort to proceed with their claims in this action against ES&H and Mr. Garibay. While Selective and First Tennessee agree that the bankruptcy proceedings prevent them from pursuing their claims against ES&H and Mr. Garibay absent stay relief, they argue that the automatic stay does not prevent the Court from adjudicating the pending motions against Go Fish.

In light of the current bankruptcy proceedings, and for good cause shown, the Court finds that the motion for a continuance and stay to be well-taken. However, the Court finds that it is more appropriate to stay this case as to all claims involving ES&H, Mr. Garibay, and Go Fish. This case involves five different parties, all of whom have asserted claims, counterclaims, and cross-claims in this matter. In addition, the motions currently pending before the Court are better suited to be ruled upon in their entirety, which can only be done when ES&H and Mr. Garibay are able to participate in the litigation. Moreover, while Go Fish has not filed for bankruptcy, the Court observes that Go Fish is indirectly involved in and affected by the bankruptcy proceedings due to ES&H's and Mr. Garibay's relationship with the entity.

Therefore, while the Court finds that a limited stay is appropriate as to the claims between Selective and First Tennessee, the Court finds that in the interest of judicial economy and in an effort to streamline all future litigation in this matter, that all claims involving ES&H, Mr. Garibay, and Go Fish be stayed in their entirety until: (1) relief from the automatic stay in the bankruptcy case is granted; or (2) the bankruptcy case is otherwise disposed of. See Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In addition, given the optimistic nature of Selective and First Tennessee resolving their claims against one another, and the unlikelihood that this case would be ready for trial regardless of the outcome of the bankruptcy proceedings, the Court finds that the May 2, 2016 trial should be cancelled. However, the Court will recommend that a new trial date be set after Selective and First Tennessee notify the Court whether settlement negotiations were successful, at which time the bankruptcy court will have also had time to rule upon the parties' request for stay relief.

Accordingly, the Court **RECOMMENDS**[1] the following:

(1) That the Joint Motion to Continue Trial and to Stay Claims Pending Between Selective Insurance Company of America and First Tennessee Bank National Association [**Doc. 82**] be **GRANTED in part and DENIED in part**;

(2) That the **May 2, 2016** trial be **CANCELLED** and reset at a later date;

(3) That this case be **STAYED** as to all claims involving ES&H, William Garibay, and Go Fish;

(4) If the bankruptcy court grants Selective and/or First Tennessee's request for relief from the automatic stay, Selective and/or First Tennessee **SHALL** file a motion to lift the stay with this Court within **fourteen (14) days** of entry of the bankruptcy court's order. If Selective and/or First Tennessee's request is denied or the bankruptcy court otherwise disposes of the case without granting relief from the automatic stay, Selective and/or First Tennessee **SHALL** file a notice or appropriate motion with the Court within **fourteen (14) days** of entry of the bankruptcy court's order or dispositive ruling;

(5) That ES&H and William Garibay **SHALL** file a status report with this Court every **forty-five (45) days**, informing the Court as to the status and progress of the bankruptcy proceedings;

(6) That this case be **STAYED** for **sixty (60) days** as to all claims between Selective and First Tennessee; and

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

(7)  That Selective and First Tennessee **SHALL** file a joint status report within **seven (7) days** following the sixty (60) day stay to inform the Court whether a resolution has been reached between the parties.

                                       Respectfully submitted,

                                        _s/ C. Clifford Shirley, Jr._
                                        United States Magistrate Judge